IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELCOR JARAMILLO,

       Petitioner,

v.                                                          CIV 99-785 JP/KBM

THE ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter is before the Court on Melcor Jaramillo's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, *Doc. 1,* and Respondent's Motion To Dismiss, *Doc. 19.* For the reasons set forth in Respondent's thorough analysis in support of its motion and as briefly discussed below, I recommend that the petition be denied.

### **"In Custody" Requirement**

      Respondent raises a question whether the "in custody" requirement is met and, without waiving an objection, elected to brief on the merits. To satisfy the "in custody" requirement, a prerequisite to habeas corpus jurisdiction, Petitioner does not have to be in actual physical custody. It is sufficient if he is challenging a conviction that he has yet to serve. *Maleng v. Cook,* 490 U.S. 488, 491 (1989); *see also Dry v. CFR Court of Indian offenses for the Choctaw Nation,* 168 F.3d 1207 (10th Cir. 1999) (individuals arraigned but released on own recognizance are "in custody"), *cert. denied,* 120 S.Ct. 52 (1999). Respondent does not contend that Petitioner's

sentence of six months imprisonment and six months probation has expired. Nor does it challenge Petitioner's assertion that he is "supposed to go to jail on January 10, 2000." *Doc. 18*. Accordingly, I find that the "in custody" requirement is satisfied.

## **Sufficiency of Evidence Findings**

Petitioner was convicted on April 16, 1998 for aggravated driving while intoxicated. As Petitioner explained in his petition for a writ of certiorari, the charge was "aggravated" because this is his third DWI offense. The trial judge of the Metropolitan Court found Petitioner guilty. Represented by counsel, Petitioner appealed this sentence through the state system. The New Mexico Supreme Court denied certiorari on June 16, 1999. This case was filed July 15, 1999.

The sole issue there and here is whether Petitioner could be convicted of "driving" while intoxicated since he was out of his truck, which had a flat tire, when the police arrived. The State produced the manager of a Pizza Hut who testified that she saw Petitioner drive the truck into the store's parking lot and that he was alone. She observed him get out of the truck, stumble, look at the flat tire, and enter the store to use the phone to call for help and to order a pizza. She testified that he was swaying and reeking of alcohol. She called the police.

The defense produced witnesses who said they were passengers and that Petitioner's brother was driving the truck because Petitioner was too drunk to drive. They stopped at Pizza Hut when the tire went flat but they did not have the right equipment, so everyone but Petitioner left in another car to fetch the necessary tools. When they returned, the police had arrived and Petitioner was being arrested.

The Second Judicial District of Bernalillo County and the New Mexico Court of Appeals

issued written decisions based on a review of the recorded proceedings. Petitioner argues that when there are diametrically opposed versions of the events, the "state should not have the right to choose one person's word over another without showing that the is a strong relation between the trial court's decision and the truth." *Doc. 18.* That is not a correct statement of how sufficiency of the evidence claims are evaluated.

Though the state court decisions did not specifically cite *Jackson v. Virginia,* 443 U.S. 307 (1979), the test for sufficiency of the evidence in New Mexico is the same as the federal due process standard. *E.g., State v. Sutphin,* 107 N.M. 126, 131 (N.M. 1988). The inquiry is whether, after viewing all of the evidence "in the *light most favorable to the prosecution, any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319 (emphasis original). A reviewing court cannot weigh conflicting evidence or make judgments about witness credibility. *E.g., Messer v. Roberts,* 74 F.3d 1009, 1013 (10th Cir. 1996).

The state court decisions held that a rational factfinder could have found that Respondent was driving his truck while intoxicated based on the manager's testimony. Whether reviewed under either of the deferential habeas standards or *de novo* as I have done here based on the record before me, I find that these decisions are correct and that Petitioner is not entitled to habeas corpus relief. *E.g, Moore v. Gibson,* 195 F.3d 1152, 1164, 1176-1177 (10th Cir. 1999) (Tenth Circuit has not further defined the standards or decided whether sufficiency of evidence claims are conclusions of law or fact), *pet. for cert. filed* 3/24/00 (No 99-8812); *see also* 28 U.S.C. §§ 2254(d)(1); *Williams v. Taylor,* 2000 WL 385369 (S.Ct. 4/18/00) (plurality decision

defining standards in context of ineffective assistance of counsel claim).

Wherefore,

IT IS HEREBY RECOMMENDED THAT Respondent's Motion To Dismiss *(Doc. 19)* be granted and the petition be dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE